IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMOJI COMPANY GmbH,<br><br>     Plaintiff,<br>v.<br><br>THE INDIVIDUALS, CORPORATIONS,<br>LIMITED LIABILITY COMPANIES,<br>PARTNERSHIPS AND UNINCORPORATED<br>ASSOCIATIONS IDENTIFIED<br>ON SCHEDULE A HERETO,<br><br>     Defendants. | Case No.: |

## **DECLARATION OF JOSÉ SANTIAGO**

I, José Santiago, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the Sales Manager of EMOJI COMPANY GmbH and am knowledgeable about or have access to business records concerning all aspects of the brand protection operation of EMOJI COMPANY GmbH including, but not limited to, its trademarks, copyrights, other intellectual property, sales, on-line sales, advertising, marketing, media coverage, and associated international operations. I make this declaration from matters within my own knowledge, except where otherwise stated.

3. Plaintiff, EMOJI COMPANY GmbH acts as the Sales, Marketing, Design and

Distribution arm of EMOJI products worldwide.

4.      EMOJI COMPANY GmbH is in the business of developing, marketing, selling and distributing EMOJI products. The EMOJI brand has won multiple international awards in the licensing business including the "Best Lifestyle Property of the Year" in 2018 and "Best Teen or Adult Licensed Property" in 2019 and other awards in marketplaces all over the world. EMOJI COMPANY GmbH has executed more than 800 licensing partnerships with renowned companies including Nestle, Ferrero, Danone, Kellogg's, Pepsico, Burger King, Walmart, Nikon, Fuji, Random House, the Swiss Post and many more. EMOJI COMPANY GmbH is the official source of EMOJI products:

https://www.emoji.com/



5.      EMOJI COMPANY GmbH has protected its EMOJI Trademark globally by obtaining respective registrations for the trademark under all commercially relevant jurisdictions. It is the owner of U.S. trademark Registration No.s 4,868,832, 5,202,078 and 5,415,510 for the EMOJI mark in the United States. The above registration for the

EMOJI Trademark is valid, subsisting, and in full force and effect. A true and correct copy of the federal trademark registration certificate for the EMOJI Trademark is attached hereto as Exhibit 1.

6. The EMOJI Trademark is distinctive and identifies the merchandise as goods from EMOJI COMPANY GmbH.

7. The EMOJI Trademark has been continuously used and never abandoned.

8. EMOJI COMPANY GmbH has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the EMOJI Trademark. As a result, products associated with the EMOJI Trademark are recognized and exclusively associated by consumers, the public, and the trade as being products sourced from EMOJI COMPANY GmbH.

9. The success of the EMOJI brand has resulted in its significant counterfeiting. Consequently, EMOJI COMPANY GmbH is implementing an anti-counterfeiting program and is investigating suspicious websites and online marketplace listings identified through external vendors in proactive Internet sweeps.

10. Monetary damages alone cannot adequately compensate EMOJI COMPANY GmbH for ongoing infringement because monetary damages fail to address the loss of control of and damage to EMOJI COMPANY GmbH's reputation and goodwill. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to EMOJI COMPANY GmbH's reputation and goodwill by acts of infringement.

11. EMOJI COMPANY GmbH's goodwill and reputation are irreparably

damaged when the EMOJI Trademark is used on goods not authorized, produced, or manufactured by EMOJI COMPANY GmbH. Moreover, consumer brand confidence is damaged, which can result in a loss of future sales and market share. The extent of harm to EMOJI COMPANY GmbH's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

12. EMOJI COMPANY GmbH is further irreparably harmed by the unauthorized use of the EMOJI Trademark because counterfeiters take away EMOJI COMPANY GmbH's ability to control the nature and quality of products used with the EMOJI Trademark. Loss of quality control over goods using the EMOJI Trademark and, in turn, loss of control over our reputation in neither calculable nor precisely compensable. The sale of Counterfeit EMOJI Products using the EMOJI Trademark also causes consumer confusion, which weakens EMOJI COMPANY GmbH's brand recognition and reputation. Consumers who mistakenly believe that the Counterfeit EMOJI Products they have purchased originated from EMOJI COMPANY GmbH will come to believe that EMOJI COMPANY GmbH offers low-quality products. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine EMOJI Products, resulting in a loss of undermining of EMOJI COMPANY GmbH's reputation and goodwill. Counterfeit EMOJI COMPANY GmbH Products, primarily coming from China can be extremely dangerous and present alarming safety hazards to children.

13. EMOJI COMPANY GmbH is further irreparably damaged due to a loss in exclusivity. The EMOJI Products are meant to be exclusive. EMOJI COMPANY

GmbH's extensive marketing and distribution of EMOJI Products are aimed at growing and sustaining sales of EMOJI Products. The EMOJI Trademark is distinctive and signifies to consumers that the products originate from EMOJI COMPANY GmbH and are manufactured to EMOJI COMPANY GmbH's high-quality standards. When counterfeiters use the EMOJI Trademark on goods without EMOJI COMPANY GmbH's authorization, the exclusivity of EMOJI COMPANY GmbH's products, as well as EMOJI COMPANY GmbH's reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

14. EMOJI COMPANY GmbH will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 7, 2023.

/s/ _____